UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 07-23098-CIV-MARTINEZ-BANDSTRA**

ROSALEE EVERHART,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian corporation,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

This CAUSE came before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint **(D.E. No. 12)**, filed on February 29, 2008. Defendant asks the Court to dismiss Plaintiff's Complaint for failing to properly plead admiralty jurisdiction, and for failing to plead the precise standard of care that applies in cases alleging negligence by a shipowner.

The Plaintiff filed a response in opposition on March 7, 2008. (D.E. No. 13). The Plaintiff asserts that she has properly alleged maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Additionally, the Plaintiff notes that her cruise ticket contained a forum selection clause which specified that all lawsuits were to be filed in United States District Court for the Southern District of Florida. (*Id.* at 2, ¶ 3). The Plaintiff also asserts that she has alleged the proper standard of care for a maritime negligence claim, which is reasonable care, and that she need not expand upon this standard in stating her claim. (*Id.* at 2, ¶ ¶ 5-6).

The Defendant filed a reply on March 12, 2008 (D.E. No. 14). Because the Plaintiff concedes in her response brief that subject matter jurisdiction is predicated on admiralty and not on the presence of a federal question, the Defendant considers the jurisdictional issue to be moot. (*Id.* at 1-2). However, the Defendant continues to insist that the Amended Complaint should be dismissed for failure to allege the proper standard of care for a maritime personal injury claim. (*Id.* at 2-3). After careful consideration of the Defendant's motion and the Amended Complaint, and for the reasons stated below, the Court denies Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

## Background

On December 4, 2006, Plaintiff Rosalee Everhart boarded a cruise ship owned by Defendant Royal Caribbean Cruises. (D.E. No. 8 at ¶ 3-5). Plaintiff alleges that while aboard Defendant's vessel, she contracted a virus and became severely ill, which resulted in her hospitalization aboard the vessel. (*Id.* at ¶ 10). Plaintiff also alleges that the ship's doctor provided her limited treatment while she was hospitalized. (*Id.* at ¶ 11). Plaintiff further alleges that upon returning from her cruise she required additional hospitalization and medical treatment. (*Id.* at ¶ 12). Thereafter, Plaintiff sued the Defendant for negligence in failing to prevent the Plaintiff from contracting a virus aboard Defendant's vessel, and for failing to warn the Plaintiff of the potential health risk. (*Id.* at ¶ 15).

## Legal Standard

In passing on a motion to dismiss for failure to state a claim, a court should not dismiss the complaint unless it is beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). During this inquiry, a court should "accept all the factual allegations in the complaint as true and . . . evaluate all inferences derived

from those facts in the light most favorable to the plaintiff." *Scheirich v. Town of Hillsboro Beach*, No. 07-61630-CIV, 2008 U.S. Dist. LEXIS 4090, at *6 (S.D. Fla. Jan. 18, 2008).

Notice pleading under Federal Rule of Civil Procedure 8(a)(2) requires only that the pleadings provide a "short and plain statement of the claim" sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley*, 355 U.S. at 47). Further, if a complaint alleges enough to put the defendant on notice of the facts providing a right to recovery, a citation to the appropriate statute creating that right is not necessary. *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000).

The United States Constitution commits all admiralty and maritime cases to the jurisdiction of the federal courts. U.S. Const. art. III, § 2, cl. 1. If a claim for relief falls within the court's subject matter jurisdiction on some other ground, such as diversity of citizenship, the pleading may designate the claim as an admiralty or maritime claim. Federal Rule Civil Procedure 9(h)(1). However, for admiralty jurisdiction to exist, in the absence of a statute conferring such jurisdiction, a claim must satisfy a maritime situs and nexus test. That is, the tort must have occurred in a maritime location and it must evince a connection to maritime activities. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

The first prong of the test is satisfied if the injury or damage was caused by a ship or a vessel on navigable water, even if the injury occurred on land. *Id.*; *see also* Extension of Admiralty Jurisdiction Act, 46 U.S.C. App. § 740. The second prong of the test involves its own-two-pronged inquiry: (1) "whether the incident has a potentially disrupting impact on maritime commerce," and (2) "whether the general character of the activity giving rise to the incident shows a 'substantial relationship to traditional maritime activity'" *Grubart*, 513 U.S. at 534. In determining whether the

incident has a potentially disruptive impact on maritime commerce, courts look to the general features of the type of incident involved. *Id.*

If a claim satisfies both the maritime situs and maritime nexus tests, federal maritime law will govern the substantive issues in the case. *See Hesterly v. Royal Caribbean Cruises*, 515 F. Supp. 2d 1278, 1282 (S.D. Fla. 2007). To state a claim for negligence under federal maritime law the plaintiff must allege that: "(1) Defendant owed a duty of reasonable care to Plaintiff; (2) Defendant breached that duty; (3) the breach was the proximate cause of the injury to Plaintiff; and (4) Plaintiff suffered damages." *Isberner v. Celebrity Cruises, Inc.*, No. 06-60447-CIV-LENARD/TORRES, 2006 U.S. Dist. LEXIS 94934, at *11 (S.D. Fla. Dec. 21, 2006).

## Analysis

Defendant argues that Plaintiff's Amended Complaint failed to state a cause of action upon which relief can be granted because Plaintiff did not allege the proper standard of care for admiralty cases. Plaintiff sets forth in her Amended Complaint that while aboard Defendant's vessel she contracted a virus causing her severe illness, and that Defendant had a duty to maintain its vessel so as to prevent such an occurrence. (D.E. No. 8). Drawing all inferences in a light most favorable to Plaintiff, the Court finds that the Amended Complaint sufficiently notices Defendant of the legal theories and circumstances surrounding Plaintiff's claim. This is all that is required under Rule 8(a)(2) of the Federal Rules of Civil Procedure.[1]

Initially, the Defendant had also argued that the Plaintiff's Complaint should be dismissed for failing to properly plead federal question jurisdiction under 28 U.S.C. § 1331. However, in its reply brief, the Defendant conceded that the Plaintiff had acknowledged that 28 U.S.C. § 1333

---

[1] The Court in *Doe v. Celebrity Cruises*, 145 F. Supp. 2d 1337, 1347 (S.D. Fla. 2001) dismissed a complaint for failure to allege the proper standard of care ("reasonable under the circumstances") for a maritime tort claim. However, this Court finds that notice pleading does not require a complaint to allege the proper standard of care provided that it notices the defendant as to the nature of the claims against him.

4

provided the correct basis for subject matter jurisdiction and that she had properly designated her claim as an admiralty claim pursuant to Federal Rule of Civil Procedure 9(h). Although the Defendant asserts that the jurisdictional issue is now moot,[2] the Court notes that the application of admiralty law is not a given simply because a complaint invokes admiralty jurisdiction pursuant to Federal Rule of Civil Procedure 9(h).

As the Court noted previously, *see supra*, at 2-3, for admiralty jurisdiction to exist in the absence of a statute conferring such jurisdiction, a claim must satisfy both a maritime situs/nexus test. The Court finds that the Plaintiff's negligence claim does satisfy both prongs of this test and that admiralty law applies. The Amended Complaint satisfies the maritime situs prong of the test because the Plaintiff alleges that she contracted a viral illness while she was a passenger on board the Defendant's cruise ship. (D.E. No. 1 at ¶ 10). Thus, the alleged tort was caused by a ship on navigable water. The Amended Complaint also satisfies the maritime nexus prong of the test. There is no doubt that a viral outbreak on a cruise ship could have a potentially disruptive impact on maritime commerce by forcing a cruise ship back to port or discouraging the public from taking a cruise. Newspaper accounts documenting viral outbreaks on cruise ships and the disruptions they cause to the cruise ship industry are not uncommon. And, the carriage of paying passengers between ports-of-call is a quintessential maritime activity. See *Randolph v. Carnival Destiny Cruise Lines*, No. 06-22358-Martinez-Bandstra, D.E. No. 26 at 10 (S.D. Fla. Sept. 20, 2007). Accordingly, the Court finds that the Plaintiff has met the requirements for applying admiralty law to her personal injury claim.

Finally, the Court also finds that the Plaintiff has set forth a *prima facie* case for negligence

---

[2] The Court notes that the Defendant's original objection on this point was poorly taken. The Amended Complaint alleged that federal subject matter jurisdiction was proper pursuant to both admiralty and the federal question statute, 28 U.S.C. § 1331. The Amended Complaint would not be subject to dismissal simply because the Plaintiff cited the federal question statute in error. As the Court previously explained, "notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery and not to cite to the appropriate statute creating that right." *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 n.19 (7th Cir. 2000).

in her Amended Complaint. Her negligence claim is not diminished simply because she fails to plead the requisite standard of care. Although it may be true that what constitutes reasonable care in a case such as this is "reasonable care under the circumstances," the Plaintiff need not plead this in order to state a claim for negligence. The Federal Rules of Civil Procedure do not prescribe a heightened pleading standard for maritime negligence claims and this Court will not read such a requirement into the Rules.

All that the Plaintiff needs to allege is that the Defendant owed her a duty of care, it breached that duty, and that breach caused the Plaintiff to suffer an injury for which she incurred damages. The Plaintiff does this by alleging that the Defendant had a duty to provide a reasonably safe vessel, (*id.* at ¶ 14), and the Defendant breached this duty by failing to maintain the vessel in a safe condition for its passenger. (*Id.* at ¶ 15). The Plaintiff also alleges that, as a result of Defendant's carelessness and negligence, Plaintiff became severely ill from a viral infection while aboard Defendant's ship, (*id.* at ¶ 16), which led her to incur medical expenses, suffer emotional distress, and lose the enjoyment of her paid cruise. (*Id.* at ¶ 16, 17). Therefore, it is hereby:

**ORDERED** and **ADJUDGED** that

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint **(D.E. No. 12)** is **DENIED**.

2. Defendant shall answer Plaintiff's Amended Complaint by March 28, 2008.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of March, 2008.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:

Magistrate Judge Bandstra
All Counsel of Record